IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY  )
KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT    )
EUGENE GEORGE, PAUL SONGER, CHARLES           )
VELARDO, MATTHEW AQUILINE, GREGORY R. HESS,   )
MICHAEL SCHMERBECK, VINCENT DELAZZERO,        )
and BEN CAPP, JR, as Trustees of, and on behalf of the )
BRICKLAYERS & TROWEL TRADES INTERNATIONAL     )
PENSION FUND,                                 )
  1776 Eye Street, NW, Fifth Floor           )
  Washington, DC  20006                      )
  (202) 783-3788,                            )
             Plaintiffs,                    )
           v.                              )  Civil Action No.
CONTINENTAL MASONRY CORPORATION,              )
  6820 N. Classen Boulevard                  )
  Oklahoma City, OK  73116,                  )
             Defendant.                     )

## AMENDED COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

### CAUSE OF ACTION

### Jurisdiction and Venue

1.    This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451. This action arises under the laws of the United States, specifically Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1).

2161578.01

Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2. The IPF is administered in the District of Columbia. Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

### Parties

3. Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero, and Ben Capp, Jr., all of whom are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4. Defendant, Continental Masonry Corporation ("Continental Masonry"), is, and at all times hereinafter mentioned was, a business maintaining offices in Oklahoma and conducting business in Oklahoma.

5. Defendant, Continental Masonry, has employed members of the Bricklayers & Trowel Trades International Union and its affiliated local unions ("Union").

## Violation Charged

6.  Defendant, Continental Masonry, acting by and through its authorized agents or officers, executed a collective bargaining agreement with the Union.

7.  By the notice attached hereto as Exhibit A, the IPF determined that Defendant, Continental Masonry, had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b) or Section 4205 of ERISA, 29 U.S.C. § 1385, notified it of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") of $118,928 and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

8.  Pursuant to the notice sent by the IPF, Defendant, Continental Masonry, was obligated to submit $4,043.41 on or before January 29, 2006, $4,043.41 per month for 44 additional months, and a final payment of $2,577.09. See letters dated November 30, 2005, February 6, 2006 and April 10, 2006, attached hereto as Exhibits A, B and C.

9.  Thereafter, Continental Masonry either directly or through its counsel was advised that it was required to pay $4,043.41 for 45 months and a final payment of $2,577.09. See letter dated May 9, 2006, attached hereto as Exhibit D.

10. Despite due demand, Defendant, Continental Masonry, has not paid its Withdrawal Liability as required. To date, Defendant, Continental Masonry, has failed to submit a single payment for Withdrawal Liability to the IPF. Defendant therefore is in default, and the full Withdrawal Liability is due. Section 4219(c)(5) of ERISA, 29 U.S.C. 1399(c)(5).

2161578.01

11. Defendant Continental Masonry's failure to make payment as required on its Withdrawal Liability constitutes a default and shall be treated in the same manner as a delinquent contribution under Sections 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1399(c)(5) and 1451(b).

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1. For the Withdrawal Liability owed by Defendant, Continental Masonry, in the amount of $166,022, representing the full Withdrawal Liability due and owing upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2. For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

3. For liquidated damages assessed on the Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4. The amount incurred by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

2161578.01

5.  Such other legal or equitable relief as this court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: October 31, 2006

By: _____
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
Johnisha Matthews, DC Bar No. 492478
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006-5403
(202) 420-2200
(202) 420-2201

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Complaint was served by first-class mail, postage prepaid, on the 2nd day of November, 2006 upon:

Continental Masonry Corporation
6820 N. Classen Boulevard
Oklahoma City, OK 73116

_____
Andrea Newell