# DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2234
E-Mail Address: MitznerI@dsmo.com

April 10, 2006

**By Facsimile and Certified Mail**

Mr. Ken Lippert
Vice President
Continental Masonry Corporation
6820 N. Classen Blvd.
Oklahoma City, OK 73116

Re:   <u>Withdrawal Liability Default and Waiver of Right to Arbitrate</u>

Dear Mr. Lippert:

I am writing regarding the employer withdrawal liability ("EWL") the Bricklayers and Trowel Trades International Pension Fund ("IPF") has assessed against Continental Masonry Corporation ("Continental"). This letter serves to notify you that Continental has both forfeited its right to arbitrate any disputes regarding this EWL and defaulted on payment of its EWL.

On November 30, 2005, David F. Stupar, Executive Director of the IPF, sent Continental a demand for EWL, along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by your company. The EWL indicated that Continental owed EWL of $118,928.00, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Continental is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Continental is required to pay the IPF $4,043.41 for 31 months plus a final payment of $1,704.95.

Pursuant to the MPPAA and the Withdrawal Liability Procedures, Continental had 90 days from November 30, 2005—or until February 28, 2006—to request review of the IPF's EWL calculations. As of the date of this letter, Continental has not requested such a review. Because a timely request for review is a prerequisite for initiating arbitration of the EWL amounts owed, Continental has waived its right to arbitration. This means that any defenses to the EWL assessment that Continental could have raised in arbitration can no longer be asserted before any court and that, pursuant to 29 U.S.C. § 1401 (b)(1), the amounts demanded by the IPF are due and owing.

The November 30, 2005 demand letter instructed Continental that its first interim EWL payment was required to be made within 60 days of November 30, 2005, or by January 29, 2006. No such payment was received by January 29, 2006. In fact, as of the date of this letter, Continental has still not made any payments. Consequently, my

1177 Avenue of the Americas • New York, New York 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.legalinnovators.com

DSMDB.2069634.1



Continental Masonry, Inc.
April 10, 2006
Page 2

office sent a letter on February 6, 2006 notifying you that Continental had 60 days from that date, or until April 7, 2006, to cure its failure to make interim payments required pursuant to the payment schedule set forth in the IPF's November 30, 2005 demand letter. This February 6, 2006 letter also informed Continental that if it failed to make such payments within 60 days of February 6, 2006, 2006, Continental would be deemed in default pursuant to 29 U.S.C. § 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF would be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the Withdrawal Liability Procedures. Because 60 days has elapsed since my office sent this default notification letter, and Continental has yet to make a scheduled payment, the IPF is now entitled to payment of the total outstanding EWL and all related damages.

Despite this entitlement, the Fund will not seek immediate payment of the total outstanding EWL amount and related damages if Continental begins making interim payments in accordance with the payment schedule set forth in the November 30, 2005 letter. Please let me know if Continental will begin making such interim payments. If the IPF does not receive the first payment by April 20, 2006, the IPF will pursue any and all legal remedies available to it, including entry of a judgment for the total outstanding EWL, without further notice.

If you have any questions, please do not hesitate to call.

Sincerely,

Ira R. Mitzner

cc:   David F. Stupar, Executive Director, IPF
      Michael Murphy, Director of Revenue Accounting, IPF
      Craig Weir, Editor, IPF

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☒ Agent ☐ Addressee<br>B. Received by ( Printed Name )   C. Date of Delivery 4/14/06 |
| 1. Article Addressed to:<br><br>Mr. Ken Lippert<br>Vice President<br>Continental Masonry Corp.<br>6820 N. Classen Boulevard<br>Oklahoma City, OK  73116 | D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Express Mail<br>☐ Registered    ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |

PS Form ...  102595-02-M-1540



U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage $ $0.39
Certified Fee $2.40
Return Receipt Fee (Endorsement Required) $1.85
Restricted Delivery Fee (Endorsement Required) $0.00
Total Postage & Fees $ $4.64
Postmark Here APR 10 2006 WASHINGTON DC

Sent To
Ken Lippert/Continental Masonry
Street, Apt. No.; or PO Box No. 6820 N. Classen Boulevard
City, State, ZIP+4  Oklahoma City, OK  73116

PS Form 3800, June 2002           See Reverse for Instructions

7005 1160 0004 7896 7432