# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN J. FLYNN, JAMES BOLAND, GERALD O'MALLEY KEN LAMBERT, GERARD SCARANO, H.J. BRAMLETT EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BEN CAPP, JR, as Trustees of, and on behalf of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC  20006<br>  (202) 783-3788,<br><br>                   Plaintiffs,<br><br>          v.<br><br>CONTINENTAL MASONRY CORPORATION,<br>  6820 N. Classen Boulevard<br>  Oklahoma City, OK  73116,<br><br>                   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 06-0841<br>)  Judge: Gladys Kessler<br>)<br>)<br>)<br>)<br>)<br>) |

## AMENDED COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO LLP, complaining of the Defendant, allege as follows:

## CAUSE OF ACTION

### Jurisdiction and Venue

1.    This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF") to enforce the terms of the Plan and Trust Agreements adopted by the IPF and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451.  This action arises under the laws of the United States, specifically Section 4301(a)(1) of ERISA, 29 U.S.C. § 1451(a)(1).

Pursuant to Section 4301(c) of ERISA, 29 U.S.C. § 1451(c), jurisdiction is therefore conferred on the Court.

2.    The IPF is administered in the District of Columbia. Venue is conferred on this Court pursuant to Section 4301(d) of ERISA, 29 U.S.C. § 1451(d), which provides:

> An action under this section may be brought in the district where the plan is administered or where a defendant resides or does business, and process may be served in any district where a defendant resides, does business, or may be found.

### Parties

3.    Plaintiffs are John J. Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck,Vincent DeLazzero, and Ben Capp, Jr., all of whom are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action in their respective capacities as fiduciaries on behalf of, and for the benefit of, the participants and beneficiaries of the IPF.

4.    Defendant, Continental Masonry Corporation ("Continental Masonry"), is, and at all times hereinafter mentioned was, a business maintaining offices in Oklahoma and conducting business in Oklahoma.

5.    Defendant, Continental Masonry, has employed members of the Bricklayers & Trowel Trades International Union and its affiliated local unions ("Union").

2161578.01

## **Violation Charged**

6.    Defendant, Continental Masonry, acting by and through its authorized agents or officers, executed a collective bargaining agreement with the Union.

7.    By the notice attached hereto as Exhibit A, the IPF determined that Defendant, Continental Masonry, had withdrawn from the IPF within the meaning of Section 4203(b) of ERISA, 29 U.S.C. § 1383(b) or Section 4205 of ERISA, 29 U.S.C. § 1385, notified it of its liability under Sections 4201 and 4219 of ERISA, 29 U.S.C. §§ 1381 and 1399 ("Withdrawal Liability") of $118,928 and demanded payment as provided by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

8.    Pursuant to the notice sent by the IPF, Defendant, Continental Masonry, was obligated to submit $4,043.41 on or before January 29, 2006, $4,043.41 per month for 44 additional months, and a final payment of $2,577.09.  See letters dated November 30, 2005, February 6, 2006 and April 10, 2006, attached hereto as Exhibits A, B and C.

9.    Thereafter, Continental Masonry either directly or through its counsel was advised that it was required to pay $4,043.41 for 45 months and a final payment of $2,577.09. See letter dated May 9, 2006, attached hereto as Exhibit D.

10.    Despite due demand, Defendant, Continental Masonry, has not paid its Withdrawal Liability as required.  To date, Defendant, Continental Masonry, has failed to submit a single payment for Withdrawal Liability to the IPF.  Defendant therefore is in default, and the full Withdrawal Liability is due.  Section 4219(c)(5) of ERISA, 29 U.S.C. 1399(c)(5).

2161578.01

11.   Defendant Continental Masonry's failure to make payment as required on its Withdrawal Liability constitutes a default and shall be treated in the same manner as a delinquent contribution under Sections 4219(c)(5) and 4301(b) of ERISA, 29 U.S.C. §§ 1399(c)(5) and 1451(b).

WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

1.   For the Withdrawal Liability owed by Defendant, Continental Masonry, in the amount of $166,022, representing the full Withdrawal Liability due and owing upon a default under Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5);

2.   For interest assessed on the unpaid Withdrawal Liability from the due date for payment under Sections 4301(b) and 502(g)(2)(B) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(B);

3.   For liquidated damages assessed on the Withdrawal Liability under Sections 4301(b) and 502(g)(2)(C) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D);

4.   The amount incurred by Plaintiffs for attorney's fees and costs of this action under Sections 4301(b) and 502(g)(2)(D) of ERISA, 29 U.S.C. §§ 1451(b) and 1132(g)(2)(D); and

4

5.    Such other legal or equitable relief as this court deems appropriate, including judgment for interest thereon that may accrue subsequent to the filing of this Complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: October 31, 2006

By: _____
Ira R. Mitzner, DC Bar No. 184564
Charles V. Mehler III, DC Bar No. 475909
Johnisha Matthews, DC Bar No. 492478
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC  20006-5403
(202) 420-2200
(202) 420-2201

Attorneys for Plaintiffs

5

2161578.01

EXHIBIT A

 **Bricklayers & Trowel Trades International Pension Fund**

Suite 750, 1776 Eye Street, Northwest Washington, D.C. 20006
Phone: (202)/638-1996
Fax: (202)/347-7339
http://www.ipfihf.org

Registered Mail
November 30, 2005

Mr. L. Ken Lippert, Jr., Vice President
Continental Masonry Corporation
P.O. Box 14430
Oklahoma City, OK 73113

Dear Mr. Lippert:

The Bricklayers & Trowel Trades International Pension Fund ("IPF") has determined that Continental Masonry has ceased to have an obligation to contribute to the IPF and you have continued to perform work in the jurisdiction of the collective bargaining agreement of the type for which contributors were previously required. In accordance with the provisions of the Multiemployer Pension Plan Agreements Act of 1980 ("MPPAA"), we have calculated your Employer Withdrawal Liability ("EWL") to be $118,928.00. The basis for this EWL is contained in the attached report from the IPF Actuary.

Also, in accordance with the MPPAA, the Board of Trustees has adopted a monthly payment schedule for satisfaction of this EWL. Pursuant to this schedule, you are required to pay the IPF $4,043.41 for 31 months and a final payment of $1,704.95. This payment schedule reflects an amortization of the total EWL over the number of months indicated above.

The first payment must be made within 60 days of the date of this letter. Thereafter, payment must be made no later that the 15th day of the month following the month payment is due (the "Due Date"). If payment is not received by January 29, 2006, you will be subject to interest, liquidated damages, costs and/or attorney's fees, in accordance with the IPF's collection procedures.

Should there be any questions regarding this matter, please contact the Fund office in writing.

Sincerely,

David F. Stupar
Executive Director

cc: Ira R. Mitzner Fund Counsel
BAC Local 5 OK/AR/TX

enclosures

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Complaint was served by first-class mail, postage prepaid, on the 2nd day of November, 2006 upon:

Continental Masonry Corporation
6820 N. Classen Boulevard
Oklahoma City, OK 73116

Andrea Newell

EXHIBIT B

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2234
E-Mail Address: Mitznerl@dsmo.com

February 6, 2006

**By Facsimile and Certified Mail**

Mr. L. Ken Lippert
Vice President
Continental Masonry Corporation
6820 N. Classen Blvd.
Oklahoma City, OK 73116

Re:     Withdrawal Liability Default Notification

Dear Mr. Lippert:

On November 30, 2005, David F. Stupar, Executive Director of the Bricklayers and Trowel Trades International Pension Fund ("IPF"), sent Continental Masonry a demand for Employer Withdrawal Liability ("EWL"), along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by this company. The EWL demand indicated that Continental Masonry owed EWL in the amount of $118,928.00, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Continental Masonry is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Continental Masonry is required to pay the IPF $4,043.41 for 31 months plus a final payment of $1,704.95.

In addition, the November 30, 2005 demand letter instructed Continental Masonry that its first interim EWL payment was required to be made within 60 days of November 30, 2005, or by January 29, 2006. As of the date of this letter, Continental Masonry has failed to make its initial payment in a timely fashion. Accordingly, Continental Masonry is hereby notified that it has 60 days from the date of this letter to cure this failure and make the interim payments required pursuant to the payment schedule set forth in the IPF's November 30, 2005 demand. If Continental Masonry does not make such payments within 60 days, or on or before April 7, 2006, it will be deemed in default pursuant to 29 U.S.C. § 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF will be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the IPF procedures.

1177 Avenue of the Americas • New York, New York 10036-2714
Tel (212) 835-1400 • Fax (212) 997-9880
www.legalinnovators.com



Continental Masonry
February 6, 2006
Page 2


If you have any questions, please do not hesitate to call.

Sincerely,

Ira R. Mitzner

cc:    David F. Stupar, Executive Director, IPF
       Michael Murphy, Director of Revenue Accounting, IPF
       Craig Weir, Editor, IPF

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. L. Ken Lippert
Vice President
Continental Masonry Corp.
6820 N. Classen Blvd.
Oklahoma City, OK  73116

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent
                    ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
Corey Scott                        2/13/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
☒ Certified Mail    ☐ Express Mail
☐ Registered        ☒ Return Receipt for Merchandise
☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
   (Transfer from service label)    7002 0860 0005 0005 1244 7851

PS Form 3811, August 2001        Domestic Return Receipt        102595-01-M-2509



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Q. Mitzner (Continental Masonry EWL)

| | | |
|---|---|---|
| Postage | $ | 39 |
| Certified Fee | | 2.40 |
| Return Receipt Fee (Endorsement Required) | | 1.85 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.64 |

Postmark Here — FEB 6 2006 — WASHINGTON NATIONAL CAPITAL STATION USPS

Sent To
Mr. L. Ken Lippert, Vice President
Street, Apt. No.;
or PO Box No.  6820 N. Classen Blvd.
City, State, ZIP+4
Oklahoma City, OK  73116

PS Form 3800, April 2002        See Reverse for Instructions

EXHIBIT C

DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP

2101 L Street NW • Washington, DC 20037-1526
Tel (202) 785-9700 • Fax (202) 887-0689
Writer's Direct Dial: (202) 828-2234
E-Mail Address: Mitznerl@dsmo.com

April 10, 2006

**By Facsimile and Certified Mail**

Mr. Ken Lippert
Vice President
Continental Masonry Corporation
6820 N. Classen Blvd.
Oklahoma City, OK 73116

Re:      <u>Withdrawal Liability Default and Waiver of Right to Arbitrate</u>

Dear Mr. Lippert:

     I am writing regarding the employer withdrawal liability ("EWL") the Bricklayers and Trowel Trades International Pension Fund ("IPF") has assessed against Continental Masonry Corporation ("Continental"). This letter serves to notify you that Continental has both forfeited its right to arbitrate any disputes regarding this EWL and defaulted on payment of its EWL.

     On November 30, 2005, David F. Stupar, Executive Director of the IPF, sent Continental a demand for EWL, along with attached reports from the IPF's actuary setting forth the basis for the EWL owed by your company. The EWL indicated that Continental owed EWL of $118,928.00, pursuant to the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA") and the IPF's Withdrawal Liability Procedures. The EWL demand further explained that Continental is required to make interim EWL payments to the IPF reflecting an amortization of the total EWL over a number of months. Specifically, Continental is required to pay the IPF $4,043.41 for 31 months plus a final payment of $1,704.95.

     Pursuant to the MPPAA and the Withdrawal Liability Procedures, Continental had 90 days from November 30, 2005 — or until February 28, 2006 — to request review of the IPF's EWL calculations. As of the date of this letter, Continental has not requested such a review. Because a timely request for review is a prerequisite for initiating arbitration of the EWL amounts owed, Continental has waived its right to arbitration. This means that any defenses to the EWL assessment that Continental could have raised in arbitration can no longer be asserted before any court and that, pursuant to 29 U.S.C. § 1401 (b)(1), the amounts demanded by the IPF are due and owing.

     The November 30, 2005 demand letter instructed Continental that its first interim EWL payment was required to be made within 60 days of November 30, 2005, or by January 29, 2006. No such payment was received by January 29, 2006. In fact, as of the date of this letter, Continental has still not made any payments. Consequently, my

*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*



Continental Masonry, Inc.
April 10, 2006
Page 2

office sent a letter on February 6, 2006 notifying you that Continental had 60 days from that date, or until April 7, 2006, to cure its failure to make interim payments required pursuant to the payment schedule set forth in the IPF's November 30, 2005 demand letter. This February 6, 2006 letter also informed Continental that if it failed to make such payments within 60 days of February 6, 2006, 2006, Continental would be deemed in default pursuant to 29 U.S.C. § 1399(c)(5) and the IPF Withdrawal Liability Procedures. At that point, the IPF would be entitled to immediate payment of the total outstanding EWL, plus accrued interest on the total outstanding liability from the due date of the first payment that was not timely made, plus any other damages recoverable under ERISA and/or the Withdrawal Liability Procedures. Because 60 days has elapsed since my office sent this default notification letter, and Continental has yet to make a scheduled payment, the IPF is now entitled to payment of the total outstanding EWL and all related damages.

Despite this entitlement, the Fund will not seek immediate payment of the total outstanding EWL amount and related damages if Continental begins making interim payments in accordance with the payment schedule set forth in the November 30, 2005 letter. Please let me know if Continental will begin making such interim payments. If the IPF does not receive the first payment by April 20, 2006, the IPF will pursue any and all legal remedies available to it, including entry of a judgment for the total outstanding EWL, without further notice.

If you have any questions, please do not hesitate to call.

Sincerely,

Ira R. Mitzner

cc:    David F. Stupar, Executive Director, IPF
       Michael Murphy, Director of Revenue Accounting, IPF
       Craig Weir, Editor, IPF

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Ken Lippert
Vice President
Continental Masonry Corp.
6820 N. Classen Boulevard
Oklahoma City, OK  73116

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☒ Agent
                          ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
                                  4/14/06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article
   (Tr

PS Fo

102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

O F F I C I A L  U S E

| | |
|---|---|
| Postage | $ 0.39 |
| Certified Fee | $2.40 |
| Return Receipt Fee (Endorsement Required) | $1.85 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ 4.64 |

Postmark Here

APR 10 2006

Sent To
Ken Lippert/Continental Masonry
Street, Apt. No.; or PO Box No.    6820 N. Classen Boulevard
City, State, ZIP+4
Oklahoma City, OK  73116

7005 1160 0004 7896 7432

PS Form 3800, June 2002          See Reverse for Instructions

EXHIBIT D

DICKSTEIN  SHAPIRO  MORIN  &  OSHINSKY  LLP

*2101 L Street NW • Washington, DC 20037-1526*
*Tel (202) 785-9700 • Fax (202) 887-0689*
*Writer's Direct Dial: (202) 828-2234*
*E-Mail Address: Mitznerl@dsmo.com*


May 9, 2006


**By Facsimile and Certified Mail**

Mr. Ronald L. Walker
Walls, Walker, Harris & Wolfe, PLLC
3030 NW Expressway
Suite 500
Oklahoma City, OK 73112

Re:    <u>John Flynn v. Continental Masonry Corp.</u>

Dear Mr. Walker:

Enclosed is a revised employer withdrawal liability ("EWL") assessment of $166,022 against Continental Masonry Corporation ("Continental Masonry"). In its initial EWL assessment, the Bricklayers & Trowel Trades International Pension Fund ("the IPF") did not include contributions arising from the prior plan, the Bricklayers International Union No. 5 of Oklahoma Pension Fund, that merged into the IPF on December 1, 1998.

Pursuant to the IPF's monthly payment schedule for this revised assessment, Continental Masonry is required to pay the IPF $4,043.41 for 45 months and a final payment of $2,577.09. Any resolution would require a stipulated judgment.

Please feel free to contact me with any questions.

Very truly,

Ira R. Mitzner

Enclosure
cc:    David F. Stupar, Executive Director, IPF
        Michael Murphy, Director of Revenue Accounting, IPF
        Craig Weir, Editor, IPF


*1177 Avenue of the Americas • New York, New York 10036-2714*
*Tel (212) 835-1400 • Fax (212) 997-9880*
*www.legalinnovators.com*

DSMDB.2083851.1


*EWL*

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ronald L. Walker, Esq.
Walls, Walker, Harris
  & Wolfe, PLLC
3030 NW Expressway
Suite 500
Oklahoma City, OK `73112

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
                                    3-15-06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7005 1160 0004 7896 1782

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Ronald L. Walker, Esq.
Walls, Walker, Harris
  & Wolfe, PLLC
3030 NW Expressway
Suite 500
Oklahoma City, OK  73112

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name)     C. Date of Delivery
                                    3-15-06

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☒ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
(Transfer from service label)     7005 1160 0004 7896 1782

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540