UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN FLYNN, et al.,

   Plaintiffs,

   v.

CONTINENTAL MASONRY
CORPORATION,

   Defendant.

Civil Action No. 06-0841
GK/DAR

### REPORT AND RECOMMENDATION

      Plaintiffs are fiduciaries of the Bricklayers &Trowel Trades International Pension Fund ("IPF"). Defendant is a business which, during the relevant period, employed members of the Bricklayers & Trowel Trades International Union and its affiliated local unions. In this action, Plaintiffs sought to enforce the terms of the collective bargaining agreement between IPF and Defendant, and the provisions of Section 4301 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1451. Amended Complaint (Document No. 6), ¶¶1, 4-6. More specifically, Plaintiffs alleged that Defendant had withdrawn from the IPF within the meaning of ERISA, but had failed to pay its Withdrawal Liability as required. *Id.,* ¶¶7-10. Plaintiffs further alleged that Defendant's failure to make payment as required constituted a default within the meaning of ERISA. *Id.,* ¶11. Plaintiffs demanded judgment in the amount of $166,022–the full Withdrawal Liability due and owing upon a default–as well as interest from

Flynn, et al. v. Continental Masonry Corp.                                                                 2

the payment due date, liquidated damages in accordance with the applicable provisions of ERISA, attorney's fees and costs, and such other relief as the court deems appropriate. *Id.,* Prayer for Relief.

On December 28, 2006, the Clerk of the Court entered a default against Defendant for its failure to file an answer to Plaintiffs' Amended Complaint. Default (Document No. 8); *see also* December 28, 2006 Minute Order.[1] Thereafter, Plaintiffs moved for entry of default judgment against Defendant in the amount of $203,848.40. Motion for Entry of Default Judgment and Incorporated Memorandum in Support Thereof (Document No. 9). The assigned United States District Judge referred the motion to the undersigned for a hearing. January 29, 2007 Order (Document No. 10) at 1. On February 20, 2007, the undersigned conducted a hearing in accordance with the referral. No one other than counsel for Plaintiffs appeared at the hearing. Counsel for Plaintiffs offered into evidence the exhibits filed with their motion for entry of default judgment, as well as a copy of the waiver of service (Document No. 3) and the default which was entered by the Clerk with respect to the complaint which Plaintiffs initially filed (Document No. 5).[2]

At no time since the hearing has Defendant, or any counsel on behalf of Defendant, sought to enter an appearance or otherwise participate in these proceedings.

The undersigned incorporates herein by reference the memorandum filed by Plaintiffs in

---

[1] The Clerk first entered a default on September 1, 2006 (Document No. 5). After Plaintiffs filed their Amended Complaint, they moved to vacate that default and to re-enter default as to the Amended Complaint. *See* Motion to Vacate Default and Re-Enter Default as to Amended Complaint, and Incorporated Memorandum in Support Thereof (Document No. 7).

[2] *See* n.1, *supra.*

Flynn, et al. v. Continental Masonry Corp.                                                                 3

support of their motion. For the reasons set forth therein, and upon consideration of the evidence offered by Plaintiffs at the hearing,[3] the undersigned recommends that Plaintiffs' Motion for Entry of Default Judgment (Document No. 9) be **GRANTED,** and that judgment be entered on the terms set forth in the proposed judgment (Document No. 9, Attachment 6).

It is, this 16th day of May, 2007,

**SO RECOMMENDED.**

                                                                    /s/
                                                                    DEBORAH A. ROBINSON
                                                                    United States Magistrate Judge

**Within ten days, any party may file written objections to the instant report and recommendation. The objections shall specifically identify the portions of the findings and recommendations to which objection is made, as well as the basis the objection. In the absence of timely objections, further review of issues addressed herein may be deemed waived.**

---

[3] The undersigned maintained the exhibits which were offered into evidence, and has provided them to the chambers of the assigned United States District Judge with a copy of the instant Report and Recommendation.